CRENSHAW, Judge.
American Integrity Insurance Company of Florida (American) appeals a nonfinal order granting Patricia Gainey’s motion to enjoin appraisal proceedings and lift the stay of litigation. Because the trial court erred by concluding that American waived its right to appraisal, we reverse and remand for farther proceedings.
In 2010, Gainey brought a claim under her homeowner’s insurance policy with American, claiming that her residence was damaged by a water leak. After an inspection, American issued a check to Gai-ney for damages in the amount of $16,349.13. Counsel for Gainey sent American a letter advising that the payment was “significantly inadequate” to cover the losses. At that time, Gainey’s counsel also requested permission for Gainey to accept the cheek as partial payment, without prejudice for Gainey to seek additional payment and coverage.
That same month, Gainey filed and served American with a breach of contract complaint. Gainey also served a request for admissions and documents in support of her claim for damages. American asserted by letter that its investigation was ongoing and that it reserved the right to demand appraisal. It also requested that Gainey provide a sworn proof of loss statement. In response to Gainey’s complaint, American filed a motion to dismiss, urging the trial court to abate litigation in favor of appraisal. Once Gainey provided the sworn proof of loss statement, American requested appraisal, advising Gainey that it did not agree with her estimate. In this correspondence, American provided the statutory notice of mediation under section 627.7015, Florida Statutes (2010).
In January 2011, at Gainey’s request, the trial court ordered the parties to mediation which proved unsuccessful. American moved to abate the proceedings in favor of appraisal, and the motion was initially granted. However, Gainey then moved to enjoin the appraisal and lift the stay of litigation, arguing that American had waived its right to appraisal by failing to provide timely notice of mediation under section 627.7015. Adopting Gainey’s position, a successor judge granted Gainey’s motion to enjoin appraisal, and this appeal followed.
At issue in this appeal is whether the notice provision of section 627.7015(7) applies under these circumstances where the insured has commenced a cause of action against the insurance company. Because this matter is one of statutory interpretation, our standard of review is de novo. Cont’l Cas. Co. v. Ryan Inc. E., 974 So.2d 368, 373 (Fla.2008). ‘“When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’ ” Fla. Convalescent Ctrs. v. Somberg, 840 So.2d 998, 1000 (Fla.2003) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)).
Enacted in 1993, section 627.7015 provides an alternative procedure for resolution of disputed property insurance claims. Fla. Ins. Guar. Ass’n v. Devon Neighborhood Ass’n, 67 So.3d 187, 191 (Fla.2011). “From its inception, the statute required that when a first-party claim is filed, the homeowner’s residential insurer shall notify the claimant of the right to participate in the mediation program provided in the statute.” Id. (citing § 627.7015(2), Fla. Stat. (1994 Supp.)). In 2005, the statute was amended to provide *722 that an insurer “which fails to give the notice of mediation required by subsection (2) is barred from insisting that the insured participate in the appraisal process provided in the insurance policy as a precondition to suit.” Id. Here, Gainey sought to enforce the following provision of section 627.7015(7) to preclude American from proceeding to appraisal:
If the insurer fails to comply with subsection (2) by failing to notify a first-party claimant of its right to participate in the mediation program under this section or if the insurer requests the mediation, and the mediation results are rejected by either party, the insured shall not be required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder’s claims covered by the policy.
§ 627.7015(7). However, the express language of section 627.7015(1) describes mediation as a viable option before an insured resorts to litigation:
(1) PURPOSE AND SCOPE. — This section sets forth a nonadversarial alternative dispute resolution procedure for a mediated claim resolution conference prompted by the need for effective, fair, and timely handling of property insurance claims. There is a particular need for an informal, nonthreatening forum for helping parties who elect this procedure to resolve their claims disputes because most homeowner’s and commercial residential insurance policies obligate insureds to participate in a potentially expensive and time-consuming adversarial appraisal process prior to litigation. The procedure set forth in this section is designed to bring the parties together for a mediated claims settlement conference without any of the trappings or drawbacks of an adversarial process. Before resorting to these procedures, insureds and insurers are encouraged to resolve claims as quickly and fairly as possible. This section is available with respect to claims under personal lines and commercial residential policies for all claimants and insurers prior to commencing the appraisal process, or commencing litigation.
§ 627.7015(1). Stated otherwise, section 627.7015 permits insureds and insurers “to use the mediation process to encourage an inexpensive and speedy resolution of insurance claims ‘prior to commencing the appraisal process, or commencing litigation.’” Fla. Ins. Guar. Ass’n v. Shadow Wood Condo. Ass’n, 26 So.3d 610, 613 (Fla. 4th DCA 2009) (quoting § 627.7015(1) (emphasis added)). Here, because Gainey prematurely commenced litigation against American, we conclude that the notice requirement under section 627.7015(7) does not apply. Accordingly, Gainey cannot rely on the statute to avoid appraisal proceedings where her filing of the lawsuit rendered the statute inapplicable. And because the trial court erred by concluding that American waived its right to appraisal, we reverse the order granting Gainey’s motion to enjoin appraisal and lift the stay of litigation, and we remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J., and MORRIS, J., Concur.